IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Michael Riley (K-96395), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 0883 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| Charles Prochoska, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied for lack of a sufficient showing of indigence. If Plaintiff wants to proceed with this case, he must, by April 3, 2019: (1) pre-pay the $400.00 filing fee; and (2) show cause why this case should not be dismissed based on an apparent false statement in his *in forma pauperis* application. Plaintiff's failure to comply with both obligations by April 3, 2019 will result in the summary dismissal of this case.

**STATEMENT**

Plaintiff Michael Riley, a prisoner at Sheridan Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges constitutional violations in connection with his March 17, 2017, arrest for unlawful use of weapons.

Plaintiff seeks to file his complaint *in forma pauperis*; however, his application is denied for lack of a sufficient showing of indigence. Plaintiff's attached trust fund statement states that he had $361.88 on hand at the time of filing this complaint and had received average monthly deposits of $276.76 in the six months prior to filing. (*See* Dkt. No. 3 at pg. 4.)

Because Plaintiff is a prisoner for whom the state provides the necessities of life, these deposits disqualify him from pauper status. *See Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). Although Plaintiff did not have sufficient funds to pay the filing fee out of his trust fund balance at the time of filing, he has consistently received significant deposits to his trust fund account, and therefore has the means to pay the filing fee. A prisoner, like any other person contemplating a civil suit, must consider the cost of the litigation versus the probability of success. *See Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997) ("Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state.").

Plaintiff must therefore pre-pay the $400.00 filing fee if he wishes to proceed with this action. Payment should be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must clearly

identify Plaintiff's name and the case number assigned to this case. If Plaintiff fails to pay the filing fee by the day set forth above, this case will be summarily dismissed.

Additionally, in his *in forma pauperis* application, Plaintiff represented that his only income in the past twelve months was $15.00 per month in state pay. (*See* Dkt. No. 3 at pgs. 1-2.) Plaintiff denied having received income of more than $200.00 from any of several sources, including gifts, in the past year. (*Id.* at pg. 2.)

Plaintiff signed the application under a certification stating:

> I declare under penalty of perjury that the above information is true and correct. I understand that 28 U.S.C. 1915(e)(2)(A) states the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

(*Id.* at pg. 4.)

As stated above, contrary to Plaintiff's averment, the trust fund statement indicates Plaintiff had received significant income in the form of deposits to his trust fund account in the past six months. "The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 27 (1992)).

Accordingly, if Plaintiff elects to proceed with this suit, he must not only pre-pay the $400.00 filing fee, but also must show good cause in writing why this case should not be dismissed based on the false statement in his *in forma pauperis* application. *See Kennedy v. Huibregtse*, 831 F.3d 441, 444 (7th Cir. 2016) (finding dismissal with prejudice was proper sanction for attempting to conceal assets when applying for *in forma pauperis* status); *Thomas v. GM Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice.") (citing 28 U.S.C. § 1915(e)(2)(A)). In other words, Plaintiff must provide a written explanation for his actions, so the Court may consider whether to allow him to proceed.

Failure to comply with both obligations by the date set forth above will result in the summary dismissal of this lawsuit.

Date: 3/7/2019

Jorge L. Alonso
United States District Judge